UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Teri A. Marquis

v.                                        Civil No. 16-cv-200-JD
                                          Opinion No. 2016 DNH 111
JPMorgan Chase Bank, N.A.


O R D E R


Teri A. Marquis, proceeding pro se, brought suit in state court to enjoin the foreclosure sale of her home by JPMorgan Chase Bank, N.A.  JPMorgan removed the case to this court and now moves to dismiss the case.  Marquis did not file a response to the motion to dismiss.


Standard of Review

A motion to dismiss for failure to state a claim is governed by Federal Rule of Civil Procedure 12(b)(6).  In considering a motion under Rule 12(b)(6), the court assumes the truth of the properly pleaded facts and takes all reasonable inferences from those facts that support the plaintiff's claims.  Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 104 (1st Cir. 2015).  Based on the properly pleaded facts, the court determines whether the plaintiff has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Background

In 2014, Marquis filed a complaint in state court to enjoin the foreclosure sale on her home that was scheduled for May 19, 2014. After the state court issued a temporary injunction, JPMorgan removed the case to this court and moved to dismiss. The court granted the motion to dismiss, and judgment was entered on August 8, 2014. See Marquis v. JPMorgan Chase Bank N.A., 14-cv-251-JL. Marquis did not file an appeal.

Marquis alleged in her complaint in that action that her ex-husband had been ordered to make the mortgage payments but had stopped without her knowledge. Marquis tried to communicate with JPMorgan about the mortgage but was unsuccessful because she was not a party to the note. She also tried to have her ex-husband sign an authorization form to allow her to work with JPMorgan, but he would not do that. Marquis stated that the issue with her ex-husband was scheduled to be addressed in Laconia Family Court in May of 2014.

Marquis also represented that she had the financial means to refinance the home. She asserted that it was "not fair or equitable for the defendant to foreclose because [she had] access to funds to cure the arrearage and the defendant [would] not discuss loss mitigation options with [her] despite the fact that she is on the deed and a party to the mortgage."

Marquis did not state a specific claim in that case but simply sought to enjoin the foreclosure sale.  The court and JPMorgan construed Marquis's allegations to raise a claim for breach of the implied covenant of good faith and fair dealing. The court expressed sympathy for Marquis's plight but explained that her claim for breach of the implied covenant of good faith and fair dealing was not cognizable and granted the motion to dismiss.

On April 19, 2016, Marquis again filed a complaint in state court to enjoin the foreclosure sale of her home.  She alleged that the home was going into foreclosure because of her divorce and her ex-husband's failure to make the mortgage payments as he had been ordered to do.  She further alleged that she had been working with JPMorgan's counsel for six months and that she had "presented" a check to JPMorgan for $43,000 on April 12, 2016, to cover the mortgage arrearage.  Marquis provided a copy of the check with her complaint.  She stated that JPMorgan had not gotten back to her about the mortgage arrearage.

The state court granted Marquis's ex parte request to temporarily enjoin the foreclosure sale.  JP Morgan then removed the case to this court.

### Discussion

JPMorgan moves to dismiss the complaint on the grounds that Marquis's claim is barred by res judicata, based on her 2014 action, and that she fails to state a claim for relief. Marquis did not respond to the motion to dismiss.

#### A.   Res Judicata

JPMorgan contends that the decision granting its motion to dismiss Marquis's claims in her previous suit, Marquis v. JPMorgan Chase Bank, N.A., Civil No. 14-cv-251-JL (D.N.H. Aug. 7, 2014), precludes Marquis's claims here. "[F]ederal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." Semtek Int'l Inv. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001). "The appropriate rule under federal common law is 'the law that would be applied by state courts in the State in which the federal diversity courts sits,' unless that rule would be 'incompatible with federal interests.'" Medina-Padilla v. U.S. Aviation Underwriters, Inc., 815 F.3d 83, 86 (1st Cir. 2016) (quoting Semtek, 531 U.S. at 508-9).

Because this court sits in the District of New Hampshire, New Hampshire law of claim preclusion governs the preclusive effect of Marquis's prior suit. New Hampshire applies a three-part test to determine whether a prior action precludes

subsequent actions:  "(1) the parties are the same or in privity
with one another; (2) the same cause of action was before the
court in both instances; and (3) the first action ended with a
final judgment on the merits."  Merriam Farm, Inc. v. Town of
Surry, 168 N.H. 197, 199-200 (2015) (internal quotation marks
omitted).  To determine whether the causes of action are the
same, the court "consider[s] whether the alleged causes of
action arise out of the same transaction or occurrence."  Id. at
200 (internal quotation marks omitted).

The parties are the same in both of Marquis's suits and the
first action ended in a final judgment.  The only remaining
question is whether the causes of action are the same.

Marquis did not state a specific claim in her prior
complaint.  Instead, she simply sought an order to enjoin
JPMorgan from conducting a foreclosure sale on her home based on
the circumstances that led to the arrearage on the mortgage.
The court and JPMorgan construed her complaint to allege a claim
for breach of the implied covenant of good faith and fair
dealing.  The court granted the motion to dismiss because that
claim was not cognizable under the circumstances alleged.

In her present complaint, Marquis again does not state a
specific claim against JPMorgan and again seeks an order to
prevent a foreclosure sale of her home based on the

circumstances around the arrearage and her attempts to cure.
The allegations in the second complaint address her current
negotiations with JPMorgan that had not occurred when the first
complaint was filed.  As such, the second complaint arises out
of new transactions and occurrences.  Therefore, claim
preclusion does not apply.

B.  Failure to State a Claim

     JPMorgan again construes Marquis's complaint to raise a
claim for breach of the implied covenant of good faith and fair
dealing.  JPMorgan moves to dismiss the claim on the familiar
ground that foreclosure by a lender under the terms of a
mortgage is not a breach of the implied covenant.  See, e.g.,
Marquis, 14-cv-251-JL, at *3; see also Dionne v. Fed. Nat'l
Mortg. Ass'n, 2016 WL 3264344, at *11-*12 (D.N.H. June 14,
2016); Dove v. Bank of N.Y. Mellon, 2016 WL 799117, at *5
(D.N.H. Feb. 29, 2016).  A lender also has no obligation to
negotiate loss mitigation options before foreclosing.  Marquis,
14-cv-251-JL, at *3.

     Marquis did not respond to the motion to dismiss.  As a
result, she fails to assert any argument in support of a claim
for breach of the implied covenant of good faith and fair
dealing or any another claim that she may have intended to

6

allege in her complaint.  Therefore, the complaint must be dismissed.

Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 3) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.


_____
Joseph DiClerico, Jr.
United States District Judge


July 6, 2016

cc:  Teri Marquis, pro se
     Nathan Reed Fennessy, Esq.